BELLO ET AL., RECURRENTES, *v.* EL REGISTRADOR DE ARECIBO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo denegando la inscripción de una escritura de hipoteca.

No. 527.—Resuelto en julio 28, 1922.

MENCIÓN DE DERECHOS REALES—TERCEROS—PERJUICIO DE TERCEROS.—Mencionada en la inscripción de la venta de una finca la hipoteca que por precio aplazado constituyeron los compradores a favor de los vendedores, procede inscribir dicha hipoteca aunque la finca hubiera sido traspasada de nuevo y aparezca ya inscrita a favor del adquirente.

HIPOTECA DE VARIAS FINCAS—DISTRIBUCIÓN DE RESPONSABILIDAD HIPOTECARIA—ACEPTACIÓN POR APODERADO.—Si los apoderados para vender varias fincas tienen facultad para aceptar la hipoteca constituída para fianzar el precio apla-

zado, implícitamente la tienen para aceptar la distribución de la responsabilidad hipotecaria entre las varias fincas.

Hipoteca—Escritura de—Comparecencia de Partes.—No es necesaria que concurra al otorgamiento de una escritura de hipoteca, la persona a cuyo favor se constituye.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. J. D. Rodríguez.*

El registrador recurrido compareció por escrito.

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

El 16 de mayo de 1914, por escritura pública, Daniel Feo y su esposa y José Bello y su esposa, vendieron a Antonio García y Nicolás Morell once fincas rústicas por treinta y cinco mil dólares pagaderos en siete plazos anuales de cinco mil, quedando hipotecadas todas las fincas vendidas para responder del precio aplazado. La hipoteca se constituyó en el mismo documento, señalándose la cantidad de que debía responder cada finca de acuerdo con la ley.

En abril último la escritura de 1914 fué presentada en el Registro de la Propiedad de Arecibo para la inscripción de la hipoteca, y el registrador se negó por medio de la siguiente nota:

"Denegada la inscripción de la *hipoteca* que comprende el precedente documento, que es copia de la escritura de 16 de mayo de 1914, otorgada ante el notario Ulpiano Crespo, Jr., porque Antonio García Morell y Nicolás Morell Hernández que la constituyen, no tienen derecho, según el registro, para constituirla (artículo 125, Ley Hipotecaria); porque inscritas las fincas por escritura del once del actual, otorgada en Ponce ante el notario José Tous Soto, no puede inscribirse ningún título de anterior fecha, como el presentado, por el cual se gravan los mismos inmuebles (artículo 17, Ley Hipotecaria) y porque las fincas constan inscritas a favor de Julio Cabrera Paz, persona distinta de los hipotecantes (párrafo 4º. del artículo 20 de la Ley Hipotecaria); y tomada en su lugar anotación preventiva por 120 días con el defecto subsanable de no acreditarse el carácter, que de apoderado de los acreedores, ostentan Manuel Lecaroz y Eduardo Bello para aceptar la distribución que de

la responsabilidad hipotecaria se hace entre las fincas gravadas (artículos 119 y 235 de la Ley Hipotecaria y 164 de su Reglamento.''

No conforme la parte interesada interpuso para ante este tribunal el presente recurso gubernativo.

1. Además de la escritura se elevaron dos certificaciones expedidas por el registrador, una a instancia de los recurrentes y otra por su propio acuerdo. De todo resulta lo que sigue:

Ni los vendedores ni los compradores presentaron para su inscripción en el regïstro inmediatamente la escritura de 1914. Pasaron los años. · El Banco de Ponce inició un pleito en cobro de cuatro mil dólares contra Antonio García y Nicolás Morell, los compradores en la escritura de 1914, y el 10 de mayo de 1921 se expidió una orden de embargo. Presentada dicha orden en el registro a fin de que se anotara sobre algunas de las fincas vendidas, el registrador se negó porque dichas fincas aún no estaban inscritas a favor de los Sres. García y Morell. Tomada anotación preventiva del embargo, caducó por haber vencido el término por el cual fué hecha.

El pleito a que no hemos referido siguió adelante y se vendieron en pública subasta varias de las fincas embargadas adquiriéndolas el banco acreedor a quien se le otorgó escritura de venta. Presentada ésta en el registro, se negó su inscripción de igual modo porque las fincas no estaban inscritas a favor de García y de Morell. La anotación preventiva tomada también caducó.

Así las cosas y a los efectos de que las fincas se inscribieran a favor de García y de Morell, no ellos sino el demandante en el pleito seguido contra ellos en cobro de pesos o sea el Banco de Ponce recurrió a la escritura de 1914, la presentó en el registro y pidió que se inscribiera en cuanto a la venta solamente. Así lo hizo el registrador, pero mencionando al propio tiempo en el mismo asiento la hipoteca constituída sobre las fincas vendidas para garantir el precio

aplazado, haciendo constar que de dicha hipoteca no se solicitaba inscripción.

Inscritas las fincas de tal modo a favor de García y de Morell, el registrador inscribió sin dificultad la venta de dichas fincas al banco hecha en 23 de noviembre de 1921 y la venta del banco a Julio Cabrera verificada el 11 de abril de 1922.

Y entonces cuando los acreedores hipotecarios, los recurrentes en este caso, presentaron la escritura de 1914, para que se *inscribiera* también la hipoteca que en ella se había constituído, el registrador, el 19 de abril de 1922, negó la inscripción en la forma que dejamos expuesta.

Cita el registrador en apoyo del criterio que sustenta los artículos 17, 20, párrafo 4, y 126 de la Ley Hipotecaria, que dicen así:

"Art. 17.—Inscrito o anotado preventivamente en el registro cualquier título traslativo del dominio o de la posesión de los inmuebles o de los derechos reales impuestos sobre los mismos, no podrá inscribirse o anotarse ningún otro de igual o anterior fecha por el cual se transmita o grave la propiedad del mismo inmueble o derecho real.

"Si sólo se hubiera extendido el asiento de presentación del título traslativo del dominio o de la posesión, no podrá tampoco inscribirse o anotarse ningún otro título de la clase antes expresada durante el término de treinta días, contados desde el siguiente al de la fecha del mismo asiento.

"Art. 20.— * * *

"En el caso de resultar inscrito aquel derecho a favor de persona distinta de la que otorgue la transmisión o gravamen, los registradores denegarán la inscripción solicitada.

"Art. 126.—La hipoteca constituida por el que no tenga derecho para constituirla según el registro, no convalecerá aunque el constituyente adquiera después dicho derecho."

E invocan los recurrentes el artículo 29 del propio cuerpo legal, que es como sigue:

"Art. 29.—El dominio o cualquier otro derecho real que se men-

cione expresamente en las inscripciones o anotaciones preventivas, aunque no esté consignado en el registro por medio de una inscripción separada y especial, surtirá efecto contra tercero desde la fecha del asiento de presentación del título respectivo.

"Lo dispuesto en el párrafo anterior se entenderá sin perjuicio de la obligación de inscribir especialmente los referidos derechos, y de la responsabilidad en que pueda incurrir la persona que en casos determinados deba pedir la inscripción."

A nuestro juicio, y quedando desde luego limitada nuestra decisión a los fines del registro, es erróneo el criterio sustentado por el registrador. Si el Banco de Ponce tuvo que recurrir a la escritura de 1914 y en dicha escritura constaba la hipoteca y la hipoteca se mencionó en el registro al verificarse la inscripción de la venta, es necesario interpretar los preceptos citados por el registrador a la luz de lo estatuído en el invocado por los recurrentes. No se trataba de algo nuevo. Junto con el derecho de propiedad de los deudores del banco surgió su obligación consignada en la garantía hipotecaria. Y en la misma inscripción en que se hizo constar el derecho de propiedad, se mencionó el gravamen. Lo que ahora pretenden los recurrentes es *inscribir* en forma debida lo que antes se *mencionó* para que el derecho no quedara extinguido en cuanto a terceros.

Comentando el artículo 29 de la Ley Hipotecaria, dice Galindo:

"Sabido es que la publicidad es una de las base de la ley, desarrollada en los artículos 23, 24 y 25, declarantes de que sólo los títulos inscritos surten efecto contra tercero que no haya registrado su derecho. Aunque lógico parece que cada derecho real conste en inscripción separada, no olvidó el legislador la frecuencia con que en algunos títulos se mencionan o se reservan otros derechos, que se deben hacer constar en la inscripción relativa al acto o contrato que pudiéramos llamar principal; y teniendo presente aquella base, se redactó el artículo 29. En virtud de lo en él dispuesto, si, por ejemplo, en una escritura de venta a plazos se asegura el pago de éstos con hipoteca de la misma finca, se deberá mencionar en la inscripción de venta, y aunque el vendedor no solicite que separada y

especialmente se inscriba su derecho de hipoteca, basta que se halle mencionada para que surta sus efectos contra tercero (V. S. de 22 May. 1889.) La razón es obvia: La persona que desee contratar sobre esa finca puede acudir al registro, y como en él aparecerá el gravamen, no puede alegar ignorancia, aunque no se halle especialmente inscrito.'' 2 Galindo, Legislación Hipotecaria, pág. 317.

Y glosando el 17 de la misma ley, expresa:

''También, atendida la materialidad de las palabras del artículo 17, puede considerarse excepción, la inscripción de hipotecas o censos constituídos y no inscritos antes de inscribirse en el registro el título traslativo de dominio de la finca a que afecten, si en él se hizo mención de esas cargas.

''Si hubiera de entenderse literalmente el artículo 17, no se podrían inscribir tales hipotecas o censos, no obstante haberse *mencionado* en la inscripción del título traslativo de dominio; pero teniendo en cuenta que el vendedor, obrando con la debida buena fe, hizo constar la existencia de la hipoteca o del censo, y que el registrador, cumpliendo con lo preceptuado en el artículo 29 de la ley, hizo mención de tales cargas, incluyéndolas en el párrafo correspondiente de la inscripción, creemos que si después de extendida ésta solicitara el acreedor hipotecario o el censualista que se inscribiese su título, se habría de acceder a ello, no obstante ser de fecha anterior al título inscrito. El objeto del artículo 17 es impedir que se perjudique al que oportunamente inscribió, y como en el caso propuesto no hay perjuicio, porque con arreglo al artículo 29 de la ley, el dominio o cualquier otro derecho real mencionado expresamente en una inscripción, surte su efecto contra tercero, y con más razón contra el que fué parte en el acto o contrato inscrito, sin que se exima por ello de la obligación de inscribir especialmente el referido derecho, *no debe impedirse al acreedor que lo inscriba cuando quiera.* (V. Res. de 27 Jul. 1899.) 1 Galindo, Legislación Hipotecaria, pág. 652.

2. No existe el defecto subsanable apuntado. Los vendedores en la escritura de 1914 comparecieron por medio de apoderados. No dice el registrador que dichos apoderados no tuvieran facultad para aceptar la hipoteca, sino que no la tenían ''para aceptar la distribución que de la responsabilidad hipotecaria se hace entre las fincas gravadas.'' Si tenían facultad para aceptar la hipoteca, implícitamente la

tenían también para cumpliendo con la ley aceptar la cantidad asignada a cada finca.

Pero es más. Según se ha resuelto no es necesario que concurra al otorgamiento de la escritura de hipoteca la persona a cuyo favor se constituye.

La Dirección General de los Registros de España, en su resolución de 29 de diciembre de 1880 publicada en la Gaceta de 21 de enero de 1881, estableció la siguiente doctrina:

"Considerando, por último, que a tenor de lo dispuesto en el artículo 138 de la Ley Hipotecaria y la doctrina consignada en resolución de 25 de junio de 1877, no es necesario que concurra al otorgamiento de la escritura de hipoteca la persona a cuyo favor se constituye, y por tanto ha de ser también inscribible la que ha motivo el presente recurso, aún en el supuesto de que los que intervienen en nombre del Banco de Castilla no hubiesen acreditado en forma legal su personalidad."

Por virtud de todo lo expuesto, debe revocarse la nota recurrida y ordenarse la inscripción solicitada, sin el defecto apuntado.

*Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.