del apelado, dejó de aprobar la exposición del caso por la razón de que la prueba se había oído ante un árbitro;

POR CUANTO, la corte necesariamente tuvo que leer el informe del árbitro y llegar a conclusiones de hecho, y, por tanto, puede determinar si la exposición del caso presentada es un reflejo fiel de los hechos presentados al juez;

POR TANTO, no ha lugar a la desestimación solicitada.

No. 5662.—GILORMINI, aplte., v. LORENZO, apldo.—C. D. Guayama. Diciembre 24, 1931.

(Por la corte, a propuesta del Juez Presidente Sr. del Toro.)

POR CUANTO, la parte apelada solicitó la desestimación de la apelación interpuesta, basándose en que los autos no contenían copia de la sentencia apelada; y

POR CUANTO, posteriormente la parte apelante solicitó corregir los autos adicionándolos con la copia certificada de la sentencia que faltaba en los mismos, solicitud que fué concedida, quedando en efecto adicionada a los autos con la indicada copia;

POR TANTO, habiendo desaparecido el fundamento de la moción de desestimación, debe declararse y se declara sin lugar.

No. 5076.—MENDÍA, apldo., v. ALFONSI, aplte.—C. D. San Juan. Abril 17, 1931.

(Por la corte, a propuesta del Juez Presidente Sr. del Toro.)

Estando envuelta una suma inferior a cinco mil dólares, vistos la Sección 128(a) del "Judicial Code", según enmendado por la Ley del Congreso de los Estados Unidos de 13 de febrero de 1925, y lo resuelto en los casos de *Cortés y Segura* v. *Cortés*, 40 D.P.R. 926, y *Orange Rice Milling Co.* v. *Barasorda*, 40 D.P.R. 903, no ha lugar a admitir la apelación que se establece para ante la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito.

No. 772. — MAYAGÜEZ SUGAR COMPANY, peticionaria, v.

CORTE DE DISTRITO DE MAYAGÜEZ, HON. ENRIQUE S. MESTRE, JUEZ, dmda.—■ Mayo 19, 1931.

(Por la corte, a propuesta del Juez Asociado Sr. Wolf.)

No considerando que la radicación de una petición de *certiorari* ante esta corte y su negativa, constituya un caso dentro del significado dado a esa palabra en las leyes federales que autorizan las apelaciones a la Corte de Circuito de Apelaciones de los Estados Unidos, *Luce & Co.* v. *Registrar of Property of Guayama,* 20 Fed. (2d) 115, y considerando que no hay sentencia final en este caso, según esas palabras son usadas en las aludidas leyes, no ha lugar a la apelación solicitada.

No. 771.—BRAVO, peticionario, *v.* LA CORTE DE DISTRITO DE MAYAGÜEZ, por su JUEZ EN COMISIÓN HON. ENRIQUE S. MESTRE, dmda.—■ Mayo 19, 1931.

(Por la corte, a propuesta del Juez Asociado Sr. Wolf.)

No considerando que la radicación de una petición de *certiorari* ante esta corte y su negativa, constituya un caso dentro del significado dado a esa palabra en las leyes federales que autorizan las apelaciones a la Corte de Circuito de Apelaciones de los Estados Unidos, *Luce & Co.* v. *Registrar of Property of Guayama,* 20 Fed. (2nd.) 115, y considerando que no hay sentencia final en este caso, según esas palabras son usadas en las aludidas leyes, no ha lugar a la apelación solicitada.

No. 5830.—LANUZA, aplte., *v.* QUIÑONES, apldo.—C. D. San Juan. ■ Noviembre 12, 1931.

(Por la corte, a propuesta del Juez Asociado Sr. Aldrey.)

Apareciendo que la cosa reclamada en este pleito no excede de $300 y visto el artículo 295 No. 2 del Código de Enjuiciamiento Civil según quedó enmendado en 1905 y lo resuelto en 22 de julio último en el caso de *Oller* v. *López,* sin que el hecho de que se reclame cierta cantidad para ho norarios de abogado altere la regla establecida, se desestima a instancia del apelado la apelación interpuesta contra la sentencia que en grado de apelación dictó la Corte