Sucesión de Francisco María Franceschi, compuesta de sus únicos y universales herederos Don Juan y Don José María Franceschi, Angel y Blanca Massari y Domingo, Salvador y Estrella Margarita Leandri, recurrentes, *v.* El Registrador de la Propiedad de Ponce, recurrido.

No. 856.—*Sometido:* Noviembre 2, 1931. *Resuelto:* Noviembre 17, 1931.

*López de Tord & Zayas Pizarro,* abogados de los recurrentes; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Lorenzo Dragoni compró una hacienda y otorgó una hipoteca. La escritura de compraventa y la de hipoteca se incorporaron en un solo instrumento. Dragoni presentó la escritura para inscripción. Al presentarse el documento el registrador hizo constar el hecho de que no se había solicitado inscripción de la hipoteca. El asiento que posteriormente hizo contenía la siguiente aseveración:

"El documento comprende un contrato de hipoteca a favor de Francisco María Franceschi, de que no se pide inscripción."

Después, en el mismo asiento, el aludido documento se identificaba como sigue:

"Lo referido consta del registro y de copia de la escritura número veintiocho, otorgada en Ponce, a diecinueve de febrero de mil novecientos veintisiete ante el Notario Francisco Parra Capó, presentada en esta oficina a las diez y diez minutos de la mañana del día treinta y uno de mayo último, según el asiento de presentación y folio ciento noventa y cinco del tomo ciento cuarenta y tres del Diario."

Dragoni entonces vendió la finca a Andrés Grillasca, y la escritura se inscribió. El asiento de inscripción no indica que el documento contenía la cláusula usual relativa a gravámenes pendientes. Sí demuestra que el comprador asumió responsabilidad por sólo aquellos gravámenes que hubieran sido previamente inscritos.

El mismo día Grillasca otorgó un pagaré por $15,000 pagadero al portador, y una hipoteca para garantizar el pago. Esta hipoteca también fué inscrita en el Registro de la Pro-

piedad. Si el documento hizo alguna mención de gravámenes preexistentes, ese hecho no aparece del asiento.

Grillasca entonces otorgó contrato de arrendamiento por diez años a favor de María Dragoni y Dragoni. El único gravamen preexistente mencionado en el contrato de arriendo fué una hipoteca a favor del endosatario de cierto pagaré que se decía haber sido endosado a una tercera persona no identificada.

Posteriormente el registrador se negó a inscribir la hipoteca de que primeramente se hace mérito porque la misma no había sido expresamente mencionada en el asiento de inscripción como una carga sobre la finca cuando la escritura de compraventa fué inscrita, y la propia finca había sido traspasada en el ínterin y nuevamente gravada.

A falta de alegato alguno del registrador y de algo más específico que su aseveración de que la hipoteca no había sido expresamente mencionada cuando la escritura de compraventa fué inscrita, mal podemos explicarnos ese aserto. Nuestra conclusión es que la hipoteca fué expresamente mencionada, y que, por la autoridad de los casos de *Bello et al.* v. *Registrador de Arecibo,* 31 D.P.R. 118, y *Monserrate* v. *Registrador de Guayama,* id. 796, *debe revocarse la nota recurrida.*