CARLOS M. DE CASTRO, Petitioner and Appellant, v. BOARD OF COMMISSIONERS OF SAN JUAN, Respondent and Appellee.

No. 8070. Argued July 23, 1940.—Decided July 26, 1940.

*F. Fernández Cuyar* and *H. González Blanes* for respondent and appellee. *Damián Monserrat, Jr., Gabriel de la Haba,* and *R. Rivera Zayas,* for petitioner and appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In this case the Auditor of the Capital brought charges against the city manager before the Board of Commissioners. The manager answered and the board, on January 5, 1939, suspended him from office and pay. After an investigation, he was finally removed as city manager by the board, on April 5, 1939.

The manager instituted a certiorari proceeding in the District Court of San Juan which dismissed the same on August 21, 1939. He took an appeal to this Supreme Court, which reversed the decision of the district court in the following terms:

"JUDGMENT—San Juan, Puerto Rico, June 28, 1940.

"For the reasons stated in the foregoing opinion, the judgment appealed from which was rendered by the District Court of San Juan on August 21, 1939, is reversed and another rendered instead setting aside ordinances No. 370 of January 5, 1939, and No. 373

of April 5, 1939, which decreed the suspension and removal of the City Manager; and it is ordered that the petitioner Carlos M. de Castro be reinstated in his office of City Manager, said reinstatement to be effective as from January 5, 1939, on which date the petitioner was suspended from office and pay.''

After a reconsideration sought by the board had been denied, the board filed on the 19th of this instant month of July, a petition for appeal to the U. S. Circuit Court of Appeals for the First Circuit, and as the right of the petitioner did not seem to be entirely clear, this court set the 23rd for hearing the parties on this point.

Accordingly both parties appeared by their distinguished counsel who submitted oral arguments and have filed memoranda in support of their respective contentions.

■ The right of appeal to the Circuit Court of Appeals is regulated by section 128 of the U. S. Judicial Code, par. (*a*), subdivision 4, 28 U.S.C.A., sec. 225, as follows:

"(*a*) *Review of final decisions.* The circuit courts of appeal shall have appellate jurisdiction to review by appeal final decisions—

"First.   .   .   .   .   .   .   .

"Second.   .   .   .   .   .   .   .

"Third.   .   .   .   .   .   .   .

"Fourth. In the Supreme Courts of the Territory of Hawaii and of Puerto Rico, in all civil cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000, and in all habeas corpus proceedings.''

With the petition for appeal there was exhibited an affidavit to show that the salary of the city manager was six thousand dollars per annum, and that, in view of the retroactive effect of the judgment of this court, the amount accruing to the manager exceeded eight thousand dollars.

Based on that fact, the board maintains that the appeal lies inasmuch as the amount involved exceeds the sum—five thousand dollars—required by law therefor. In support of

its contention it cites the case of *Montes* v. *Sancho*, 82 F. (2d) 25, decided by the Circuit Court of Appeals for the First Circuit, wherein jurisdiction of said court was sustained on the basis of the amount involved for the reason that the salaries claimed by the plaintiff officer were in excess of the amount fixed by law.

The manager on the contrary maintains that here no specific amount is involved and hence that the appeal does not lie. He has sought to distinguish the *Montes* case, *supra*.

In our judgment, although it is true that neither in the pleadings nor in the opinion of this court any reference is made as to any amount but only as to whether the manager was duly removed or not, the fact is that in view of the terms of our judgment and the contents of the affidavit of the appellant, the question of the amount involved can not be disregarded, and upon being considered it must be acknowledged that it exceeds the jurisdictional sum of $5,000 and hence that there is a sufficient basis for an appeal.

If any doubt existed, it would be completely dispelled by the holding of the Supreme Court of the United States in the case of *Smith* v. *Whitney*, 116 U.S. 167, 172. There an officer was removed for scandalous conduct and he applied to the Supreme Court of the District of Columbia for a writ of prohibition directed to the board which had removed him. That court rendered a decision in favor of the board, and the officer sought a review by the Supreme Court of the United States upon a writ of error. The jurisdiction of the Court was attacked on the ground that there was involved a case wherein the value of the matter in dispute could not be estimated in money, and the Court in sustaining its jurisdiction, speaking through Mr. Justice Gray, said:

"The final judgment or decree of the Supreme Court of the District of Columbia in any case in which the matter in dispute, exclusive of costs, exceeds the sum of five thousand dollars, may be reviewed and reversed or affirmed in this court upon writ of error, if the judgment is at law, or upon appeal, if the decree is in equity. (Citations.)

"The objection, founded on *Kurtz* v. *Moffit,* 115 U. S. 487, and cases there cited, that this court has no appellate jurisdiction of the present case, because there is nothing in dispute the value of which can be estimated in money, cannot be sustained. The matter in dispute is whether the petitioner is subject to a prosecution which may end in a sentence dismissing him from the service, and depriving him of a salary, as paymaster general during the residue of his term as such, and as pay inspector afterwards, which in less than two years would exceed the sum of five thousand dollars. Rev. Stat. secs. 1556, 1565, 1624, arts. 8, 22, 48, 53. The case cannot be distinguished in principle from those in which it has been held that a judgment awarding a peremptory writ of mandamus to admit one to an office, or a judgment of ouster from an office, might be reviewed by this court upon writ of error, if the salary during the term of the office would exceed the sum named in the statute defining its appellate jurisdiction."

Counsel for the manager insist that in any event the appeal does not lie, as there is not involved any criminal or civil case of the kind which the lawmaker had in mind when enacting the law relating to appeals. On this point, they say:

"A special certiorari proceeding such as the one authorized by section 46 of the special law establishing a government for the Capital, Act No. 99 of 1931, as amended, wherein an appeal has been taken under the authority granted by the general statute governing appeals, sections 50, 292, and 295 of the Code of Civil Procedure of Puerto Rico, can not be one of the cases contemplated by section 128 of the Judicial Code (28 U.S.C.A., sec. 225), as it well appears from the dissenting opinion of the Hon. Justice Wolf in the case of *Luce & Co.* v. *Registrar of Guayama,* 34 *D.P.R.* 913, confirmed by the United States Circuit Court of Appeals for the First Circuit, in the case of *Luce & Co., Ltd.* v. *Registrar of Property of Guayama,* 20 F. (2d) 115.

"The doctrine laid down by the Circuit Court of Appeals for the First Circuit, upholding the dissenting opinion of Mr. Justice Wolf, was followed by this court in the case of *Márquez* v. *Insular Board of Elections,* 41 P.R.R. 381.

"Subsequently, the doctrine of the *Luce* case was followed by this Hon. Court in refusing to allow appeals to the Circuit Court

of Appeals for the First Circuit in the following cases: *Mayagüez Sugar Co.* v. *District Court,* 42 *D.P.R.* 1011; *Bravo* v. *District Court,* 42 *D.P.R.* 1012.

"Under the decisions which we have cited from the Federal Circuit Court of Appeals for the First Circuit as well as from this Court, an appeal from a judgment in a certiorari proceeding does not lie, as it is not a civil case within the purview of the Constitution of the United States which establishes the jurisdiction of the federal courts, nor of the federal statute (sec. 128, Judicial Code) which expressly defines the jurisdiction of the circuit courts.

"In closing we wish to call the attention of this Hon. Court to the case on which the Circuit Court based its decision in *Luce* v. *Registrar,* to wit, the case of *Postum Cereal Co.* v. *California Fig Nut Co.,* 272 U. S. 693, 71 L. Ed. 478."

We have copied the above excerpts because they show an intelligent study of the question discussed, but we can not agree with the conclusion reached.

The instant case is quite different from that of an administrative appeal, taken to review a decision of a registrar of property denying the record of an instrument. Such a decision does not involve the act of a judicial tribunal, and the aggrieved party may resort to a court in order to obtain a final determination of his right, apart from the administrative appeal to this Supreme Court which the law authorizes as a final stage in the administrative proceedings provided thereby. Here a real controversy exists as to the right to hold a public office, and the law reports are full of decisions wherein the Supreme Court of the States and Territories of the Union, the Federal Circuit Courts of Appeal, and the Supreme Court of the United States have proceeded to settle controversies of this kind, which truly constitute civil cases that involve the rights of citizens and of governmental bodies.

There only remains to be considered the question of whether or not a supersedeas lies, once the appeal has been allowed. We consider as weighty the arguments and citations presented by the attorneys for the manager in support of their contention against the issuance of the supersedeas;

434

but as in a recent case from this court in which an appeal was taken to said Circuit Court of Appeals—*Ortiz et al* v. *Public Service Commission of Puerto Rico*, 108 F. (2d) 815—and in which a self-executing judgment was involved, that appellate court granted a supersedeas, we feel bound to follow the same course, and the question may be raised anew in the court having appellate jurisdiction, on which it is incumbent, in any event, to determine it finally.

The appeal must be allowed and an order of supersedeas issued, upon the furnishing of a bond in the sum of $12,000.