CARLOS M. DE CASTRO, peticionario y apelante, *v.* JUNTA DE COMISIONADOS DE SAN JUAN, querellada y apelada.

Núm. 8070.—*Sometido:* Julio 23, 1940. *Resuelto:* Julio 26, 1940.

*F. Fernández Cuyar* y *H. González Blanes,* abogados de la querellada y apelante; *Damián Monserrat, Jr., Gabriel de la Haba* y *R. Rivera Zayas,* abogados del peticionario y apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

En este caso el Auditor de la Capital formuló cargos contra el Administrador de la misma ante la Junta de Comisionados. Contestó el Administrador y la Junta, en enero 5, 1939, lo suspendió de empleo y sueldo. Practicada una investigación, fué finalmente destituído el Administrador por la Junta el 5 de abril de 1939.

El Administrador interpuso ante la Corte de Distrito de San Juan un recurso de *certiorari* que fué declarado sin lugar en agosto 21, 1939. Apeló para ante esta Corte Suprema que revocó a la de distrito en los siguientes términos:

"Sentencia—San Juan, Puerto Rico, junio 28, 1940.

"Por los motivos consignados en la anterior opinión, se revoca la sentencia apelada que dictó la Corte de Distrito de San Juan con fecha 21 de agosto, 1939, y en su lugar se dicta otra anulando las Ordenanzas número 370 de enero 5, 1939, y número 373, de abril 5, 1939, que decretaron la suspensión y destitución del Administrador de la Capital, y se ordena la reposición del peticionario Carlos M. de Castro en su cargo de Administrador de la Capital, retroactiva dicha restitución al 5 de enero de 1939, fecha en que el peticionario fué suspendido de empleo y sueldo."

Después que se le negó la reconsideración solicitada, la Junta radicó el 19 de este mes de julio una petición de ape-

lación para ante la Corte de Circuito de Apelaciones del Primer Circuito y como no apareciera perfectamente claro su derecho, esta corte fijó el día 23 para oír a las partes sobre el particular.

Ambas en efecto concurrieron representadas por sus distinguidos abogados, quienes informaron oralmente y han archivado memoranda en apoyo de sus respectivas pretensiones.

El derecho a apelar para ante la Corte de Apelaciones del Circuito está regulado por la Sección 128 del Código Judicial de los Estados Unidos, párrafo A, inciso 4, 28 U.S.C.A., 225, como sigue:

"(A) *Revisión de decisiones finales.*—Las cortes de circuito de apelación tendrán jurisdicción apelativa para revisar mediante apelación o recurso de error decisiones finales:

"*Primero:* .　　.　　.　　.　　.　　.　　.

"*Segundo:* .　　.　　.　　.　　.　　.　　.

"*Tercero:* .　　.　　.　　.　　.　　.　　.

"*Cuarto:* De las Cortes Supremas de los Territorios de Hawaii y Puerto Rico, en todos los casos civiles o criminales, donde la Constitución o un estatuto o tratado de los Estados Unidos o cualquier autoridad ejercida bajo éstos esté envuelto; en todos los demás casos civiles en donde la cuantía en controversia, excluyendo intereses y costas, exceda de $5,000, y en todos los procedimientos de hábeas corpus."

A la petición de apelación se acompañó un *affidavit* para demostrar que el sueldo del Administrador es el de seis mil dólares por año y que atendido el efecto retroactivo de la sentencia de este tribunal, la cantidad devengada por el Administrador pasa de ocho mil.

Basándose en ello, sostiene la Junta que la apelación procede porque la cuantía envuelta pasa de la suma—cinco mil dólares—exigida por la ley para autorizarla. Cita en su apoyo el caso de *Montes* v. *Sancho,* 82 F. (2d) 25, decidido por la Corte de Circuito de Apelaciones del Primer Circuito en el que se sostuvo la jurisdicción de dicha corte bajo la base de la cuantía fundándose en que los sueldos reclamados

por el funcionario demandante pasaban de la suma fijada por la ley.

El Administrador sostiene por el contrario que aquí no hay cuantía y por tanto que la apelación no procede. Trata de distinguir el caso de Montes, supra.

A nuestro juicio, aunque en verdad ni en las alegaciones, ni en la opinión de esta corte se habla de cuantía sino de si el Administrador fué o no debidamente destituído, es lo cierto que dados los términos en que nuestra sentencia fué dictada y lo que consta del *affidavit* de la apelante, la cuestión de una cuantía envuelta no puede ser eludida, y afrontada debe reconocerse que pasa de la suma jurisdiccional de cinco mil dólares y por tanto que hay base suficiente para apelar.

Si tuviéramos alguna duda, quedaría por completo disipada por lo resuelto por la Corte Suprema de los Estados Unidos en el caso de *Smith* v. *Whitney,* 116 U. S. 167, 172. En él se trataba de un funcionario que fué destituído por mala conducta y que presentó en la Corte Suprema del Distrito de Columbia una petición de auto inhibitorio contra la Junta que lo destituyó. La corte decidió en favor de la Junta y el funcionario acudió a la Corte Suprema de los Estados Unidos por auto de error. Se impugnó la jurisdicción de la corte alegándose que se trataba de un caso en que no podía evaluarse en dinero la materia en controversia, y la corte sosteniendo su jurisdicción, por medio de su Juez Sr. Gray, se expresó así:

" 'La sentencia o decreto final de la Corte Suprema del Distrito de Columbia en cualquier caso en que la cuestión en controversia, excluyendo las costas, exceda de $5,000, puede ser revisada y revocada o confirmada en esta Corte mediante recurso de error, si la sentencia es en ley; o mediante apelación, si el decreto es en equidad. (Citas de Estatutos.)'

"La objeción basada en la autoridad de *Kurtz* v. *Moffitt,* 115 U. S. 487, y en los casos allí citados al efecto de que esta Corte no tiene jurisdicción apelativa del presente caso, porque nada hay en controversia cuyo valor pueda estimarse en dinero, es insostenible. La

cuestión en controversia es si el peticionario está sujeto a un proceso que puede culminar en una sentencia lanzándolo del servicio y privándolo de un salario como pagador general durante el resto de su término como tal y como inspector de pagos luego, salario que, en menos de dos años excedería de la suma de $5,000. Rev. Stat. sec. 1556, 1565, 1624, arts. 8, 22, 48, 53. El caso no puede distinguirse en principio de aquéllos en los cuales se ha sostenido que una sentencia expidiendo un auto perentorio de *mandamus* para que se admita a una persona a un cargo, o una sentencia decretando el lanzamiento del cargo, podrían ser revisados por esta Corte mediante recurso de error si el salario durante el término del empleo excede de la suma especificada en el estatuto que define su jurisdicción apelativa.''

■ Insisten los abogados del Administrador en que de todos modos la apelación no procede porque no se trata de un caso civil o criminal de los que tuvo en mente el legislador al redactar la ley que autoriza el recurso. Dicen a ese efecto:

''Un procedimiento especial de *certiorari* como el autorizado por la Sección 46 de la Ley especial creando el Gobierno de la Capital, Ley Núm. 99 de 1931, según fué enmendada, apelado para ante el Tribunal Supremo de Puerto Rico de acuerdo con la autoridad del estatuto general sobre apelaciones, Secciones 50, 292 y 295 del Código de Enjuiciamiento Civil de Puerto Rico, no puede ser uno de los casos que contempla la Sección 128 del Código Judicial (28 U.S.C.A. Sec. 225) como muy bien aparece de la opinión disidente del Hon. Juez Asociado Sr. Wolf, en el caso de *Luce & Co.* v. *Registrador,* 34 D.P.R. 913, confirmado por el Tribunal de Circuito de los Estados Unidos, Primer Circuito, en el caso de *Luce & Co., Ltd.* v. *Registry of Property of Guayama,* 20 F. (2d Series) 115.

''La doctrina sentada por la Corte de Circuito del Primer Circuito aceptando la opinión disidente del Hon. Juez Asociado Sr. Wolf, fué seguida por esta corte en el caso de *Márquez* v. *Junta Insular de Elecciones,* 41 D.P.R. 371.

''Posteriormente la doctrina del caso de Luce fué seguida al negarse este Hon. Tribunal a admitir apelaciones para ante la Corte de Circuito del Primer Circuito en los casos siguientes: *Mayagüez Sugar Co.* v. *Corte de Distrito de Mayagüez,* 42 D.P.R. 1011; *Bravo* v. *Corte de Distrito de Mayagüez,* 42 D.P.R. 1012.

"Dentro de la jurisprudencia que hemos citado tanto de la Corte de Circuito del Primer Circuito Federal, como de esta corte, no cabe una apelación de una sentencia en un procedimiento de *certiorari* por no ser éste un caso civil dentro del significado de la Constitución de los Estados Unidos que crea la jurisdicción de las cortes federales, ni del estatuto federal (Sec. 128 Código Judicial) que define expresamente la jurisdicción de las cortes de circuito.

"Al cerrar, queremos llamar la atención de la Hon. Corte al caso en que funda el Tribunal de Circuito su decisión en el caso de *Luce* v. *Registrador,* o sea, el caso de *Postum Cereal Co.* v. *California Fig Nut Co., 272 U. S. 693, 71 L. Ed. 478.*"

Hemos copiado lo que antecede porque revela un estudio inteligente de la cuestión tratada, pero no podemos estar conformes con la conclusión a que se llega.

Es muy distinto este caso al de un recurso gubernativo contra nota de un Registrador de la Propiedad negando la inscripción de un documento. En la nota no interviene corte de justicia alguna y a las cortes puede acudir la parte perjudicada para obtener la resolución definitiva de su derecho aparte del recurso gubernativo que autoriza la ley para ante esta Corte Suprema como trámite final del procedimiento administrativo que establece. Aquí existe una verdadera controversia sobre el derecho a desempeñar un cargo público y los libros están llenos de decisiones en que las Cortes Supremas de los Estados y Territorios de la Unión, las Cortes Federales de Apelación y la Corte Suprema de los Estados Unidos han intervenido resolviendo esa clase de controversias, que constituyen en verdad casos civiles en que están envueltos derechos de ciudadanos y de entidades gubernamentales.

Resta sólo considerar la cuestión de si procede o no una orden de *supersedeas* una vez admitida la apelación. De peso consideramos los argumentos de los abogados del Administrador y sus citas de autoridades para sostener su contención en contra de la orden, pero como en un reciente caso de esta propia corte apelado para ante la misma Corte de Apelaciones—*Ortiz et al.* v. *Public Service Commission of*

*Puerto Rico, et al.,* 108 F. (2d) 815—en el que se trataba de un "self executing judgment", la dicha Corte de Apelaciones ordenó el *supersedeas,* nos sentimos obligados a seguir el mismo curso, pudiendo renovarse la cuestión ante la corte de jurisdicción apelativa a la que incumbe resolverla en todo caso definitivamente.

*La apelación debe admitirse y la orden de supersedeas expedirse previa prestación de una fianza por la suma de doce mil dólares.*