## UNITED STATES COMPRESSION INNER TUBE CO. v. CLIMAX RUBBER CO.

(Court of Appeals of District of Columbia. Submitted March 14, 1923. Decided June 4, 1923.)

### No. 1579.

**Trade-marks and trade-names and unfair competition ⬥⟹44—No appeal from Commissioner is allowed in proceedings under act of 1920.**

Under Act March 19, 1920, enacted to give effect to the convention for the protection of trade-marks and commercial names, section 6·of which made applicable to marks registered under that act certain provisions of Act Feb. 20, 1905, and Act May 4, 1906 (Comp. St. §§ 9485, 9486, 9512), but not including section 9 of the act of 1905 (Comp. St. § 9494), which authorized appeals from decisions of the Commissioner of Patents in trade-mark proceedings, there can be no appeal from the decision of the Commissioner of Patents in proceedings under the act of 1920, and therefore an appeal from the cancellation of a trade-mark registered under section 1 (b) of that act must be dismissed.

Appeal from the Commissioner of Patents.

Petition by the Climax Rubber Company against the United States Compression Inner Tube Company for cancellation of a trade-mark. From a decision of the Commissioner, sustaining the petition, the registrant of the trade-mark appeals. Appeal dismissed.

Arthur E. Wallace, of Chicago, Ill., for appellant.
D. P. Wolhaupter, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a decision of the Commissioner of Patents, sustaining a petition for cancellation of a trade-mark registered by appellant, United States Compression Inner Tube Company, under the Act of Congress of March 19, 1920, 41 Stat. 533.

We are confronted with a motion to dismiss the appeal, on the ground that appeal does not lie to this court from the decision of the Commissioner in cases arising under the 1920 act. The purpose of the act, as stated in the title, is:

"To give effect to certain provisions of the convention for the protection of trade-marks and commercial names, made and signed in the city of Buenos Ayres, in the Argentine Republic, August 20, 1910, and for other purposes."

Previous to the enactment of this law, descriptive geographical and personal names were not subject to registration under the Trade-Mark Act of February 20, 1905 (33 Stat. 724), unless they had been used exclusively by the applicant for more than ten years prior to that date. Paragraph (a) of section 1 of the 1920 act requires the Commissioner of Patents to keep a register of trade-marks and commercial names, sent to him by the international bureaus, which are within the protec-

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion of the Buenos Ayres agreement; and paragraph (b) provides, among other things, as follows:

"All other marks not registerable under the Act of February 20, 1905, as amended, except those specified in paragraphs (a) and (b) of section 5 of that act, but which had been in bona fide use for not less than one year in interstate or foreign commerce, or commerce with the Indian tribes by the proprietor thereof, upon or in connection with any goods of such proprietor," are entitled to registration.

Appellant, by its application for registration under subsection (b), supra, concedes that the mark in issue is descriptive, and therefore not subject to registration under the Trade-Mark Act of 1905. This brings us to the proposition presented by the motion to dismiss, whether or not appeal lies to this court from the action of the Commissioner directing the cancellation of a mark registered under the 1920 act. The right of appeal to this court from the decision of the Commissioner of Patents in trade-mark cases is accorded by section 9 of the Trade-Mark Act of 1905 (Comp. St. § 9494), and, unless appellant can establish its right to appeal under the express provisions of that act, the motion to dismiss must be sustained.

Section 6 of the 1920 act, among other things, provides:

"That the provisions of sections 15, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, and 28 (as to class [b] marks only) of the act approved February 20, 1905, entitled 'An act to authorize the registration of trade-marks used in commerce with foreign nations or among the several states, or with Indian tribes, and to protect the same,' as amended to date, and the provisions of section 2 of the act entitled 'An act to amend the laws of the United States relating to the registration of trade-marks,' approved May 4, 1906, are hereby made applicable to marks placed on the register provided for by section 1 of this act."

It will be observed that section 9 of the Trade-Mark Act of 1905, providing for appeals from the decisions of the Commissioner of Patents in trade-mark opposition and cancellation proceedings to this court, is not embraced within the provisions of section 6 of the 1920 act. The only appeal specifically provided for in the act (section 8), being to the Commissioner of Patents from the decision of the Examiner, clearly implies that Congress, by omitting section 9 of the Trade-Mark Act, intended to limit the right of appeal under the present act to the Commissioner of Patents. We are of opinion, therefore, that no right of appeal to this court has been accorded under the 1920 act, and that the motion to dismiss should be sustained.

Appeal dismissed.