## POSTUM CEREAL COMPANY v. CALIFORNIA FIG NUT COMPANY.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 22.   Submitted November 9, 1926.—Decided January 3, 1927.

1. A proceeding in the Court of Appeals of the District of Columbia under § 9 of the Trade Mark Act of 1905, to review a decision of the Commissioner of Patents refusing to cancel the registration of a trade mark, is an administrative matter, and not a " case " within the meaning of Art. III of the Constitution.   P. 698.
2. This Court, therefore, has no constitutional power to review the decision of the Court of Appeals in such a proceeding—not even when that court dismisses the appeal from the Commissioner for want of jurisdiction under the Trade Mark Act.   P. 699.
Appeal from 53 App. D. C. 320, 290 Fed. 340, dismissed. ·

APPEAL from a decision of the Court of Appeals of the District of Columbia in a proceeding to review a decision of the Commissioner of Patents refusing to cancel the registration of a trade mark.   The decision of the court below dismissed the appeal for lack of jurisdiction under the Trade Mark Act.   An application to this Court for a writ of certiorari was denied, 266 U. S. 609.

*Messrs. Edward S. Rogers, Frank F. Reed, and William J. Hughes* for appellant, submitted.   *Messrs. John S. Prescott* and *Allen M. Reed* were also on the brief.

The decree of the Court of Appeals dismissing the appeal for want of jurisdiction is a final decree capable of review by this Court on appeal.   *Baldwin Co.* v. *Robert-*

*son,* 265 U. S. 168. Should the Court be of opinion that the case is not .properly before it on appeal, the order denying the petition for a writ of certiorari should be rescinded and the writ allowed. *Security Trust Co.* v. *Dent,* 187 U. S. 237; *Federal Trade Comm.* v. *Klesner,* writ of certiorari granted October 26, 1925, 269 U. S. 545.

As the decree of the Court of Appeals dismissed the appeal for want of jurisdiction, it necessarily is a final decree. *Baldwin Co.* v. *Robertson, supra,* citing *Shaffer* v. *Carter,* 252 U. S. 37. The decrees of the Court of Appeals of the District of Columbia, which are not final, are the rulings which are advisory to the Patent Office. This is not that kind of case. When the litigation is terminated and nothing remains to be done but to carry what has been decreed into execution, such a decree has always been held to be final for the purposes of an appeal. *Winthrop Iron Co.* v. *Meeker,* 109 U. S. 180; *Mower* v. *Fletcher,* 114 U. S. 127; *Lodge* v. *Twell,* 135 U. S. 232; *Kingman. & Co.* v. *Western Mfg. Co.,* 170 U. S. 675;. *Wetmore* v. *Rymer,* 169 U. S. 115; *Huntington* v. *Laidley,* 176 U. S. 668.

The decision of the Court of Appeals was based ·upon its construction of the Trade-Mark Act of March 19, 1920, 41 Stat. 533, made in *U. S. Inner Tube Co.·* v. *Climax Rubber Co.,* 53 App. D. C. 370. In that case it held that as § 6 of the Trade-Mark Act of 1920, in carrying over into that Act certain sections of the Trade-Mark Act of February 20, 1905, 33 Stat. 727, omitted § 9, and as § 9 authorized appeals from the Commissioner of Patents to the Court of Appeals, there now exists no right of appeal in proceedings brought under the latter Act. The construction of this law of the United States was necessarily brought in question by or on behalf of the defendant.

The only final judgments and decrees of the Court of Appeals which may not be reviewed on appeal or writ of

error are those " arising under the patent laws, the copyright laws, the revenue laws, the criminal laws, and in admiralty cases." While the trade-mark laws are administered by the Commissioner of Patents, they are not " patent laws," and therefore the judgment complained of does not fall within the exceptions of § 250.. *South Carolina* v. *Seymour,* 153 U. S. 353.

The Act of January 28, 1915, 38 Stat. 804, amending § 128 of the Judicial Code, which provided, among other things, the classes of cases which should be final in the Circuit Court of Appeals by adding thereto cases " under the trade-mark laws," applied only to that court and did not affect cases in the Court of Appeals of the District of Columbia. On the other hand, this Court has reviewed trade-mark cases on certiorari under § 128 of the Code, now amended by the Act of February 13, 1925, 43 Stat. 936. See *Hutchinson Co.* v. *Loewy,* 217 U. S. 457; *Street & Smith* v. *Atlas Mfg. Co.,* 231 U. S. 348.

The jurisdiction of the Court of Appeals under the Act of 1905 was not divested by implication by the Act of 1920. The reasoning of the Court of Appeals would compel the conclusion that practically the whole Trade-Mark Act of 1905 was repealed by the Act of 1920, and would result in a complete breakdown of the existing trade-mark practice.

The decree of the Court of Appeals denies to owners of trade-marks in proceedings involving their registration any relief from erroneous decisions of the Patent Office.

No appearance for appellee.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The Postum Cereal Company and its predecessors in title have for years manufactured a cereal breakfast food to which they applied, as a trade-mark, the word " Grape-

Nuts," for which they secured registrations under the Trade-Mark Registration Act of February 20, 1905 (38 Stat. 727) and amendments. They filed a petition of opposition to the registration by the California Fig Nut Company of the trade-mark " Fig-Nuts " which that company had registered under the Act of March 19, 1920, § 1, par. b, 41 Stat. 533.

Section 2 of the same Act provides that when any person shall deem himself injured by the registration of a trade-mark under the Act, he may apply to the Commissioner of Patents to cancel it. Upon due notice to the registrant, a hearing is to be had before an examiner of interferences in the Patent Office, with an appeal to the Commissioner. The California Fig Nut Company, the registrant, filed an answer denying that the petitioner was injured and taking issue within the averments of its petition. The examiner of interferences held against the petitioner and recommended that the registration be not canceled. An appeal was taken to the Commissioner of Patents, who affirmed the holding of the examiner of interferences.

An appeal was then taken from the decision of the Commissioner to the Court of Appeals of the District of Columbia. That court held that under the Act of March 19, 1920, 41 Stat. 533, there was no jurisdiction given to that court to hear an appeal from the Commissioner of Patents. This holding was in accordance with a previous decision of the same court in *United States Compression Inner Tube Company* v. *Climax Rubber Company,* 53 App. D. C. 370; 290 Fed. 345. Accordingly the appeal was dismissed. The present appeal to this Court was allowed by the Court of Appeals.

The Trade-Mark Act of 1920, c. 104, 41 Stat. 533, is entitled "An Act to give effect to certain provisions of the convention for the protection of trade-marks and commercial names made and signed in the City of Buenos

Aires in the Argentine Republic, August 20, 1910, and for other purposes." The first section provides that the Commissioner of Patents shall keep a register of all trademarks communicated to him by the international bureaus as provided for by the Convention upon which a certain fee has been paid. Par. b of § 1 provides that all other trade-marks not registerable under the Act of February 20, 1905 (with certain exceptions not here relevant), but which have been in *bona fide* use for not less than one year in interstate or foreign commerce, upon or in connection with any goods of a proprietor, upon which a fee of $10 has been paid to the Commissioner of Patents, may be registered under the Act, provided that the trade-marks which are identical with the known trade-marks owned and used in interstate commerce by another, and appropriated to merchandise of the same descriptive properties so as to be likely to cause confusion or mistake in the mind of the public or deceive purchasers, shall not be placed on the register. The chief objection of the petitioner to the registration of " fig-nuts " as a trade-mark for a cereal breakfast food is that it is likely to cause confusion or mistake and deceive purchasers into thinking they are buying the petitioner's breakfast food marked and widely known as " grape-nuts."

Section 6 of the Act of 1920 adopts provisions of certain sections of the Act of February 20, 1905, 33 Stat. 728. But those sections do not include § 9 of the older Act by which provision is made for an appeal from the decision of the Commissioner of Patents to the District Court of Appeals, and for this reason the District Court of Appeals dismissed the appeal. The contention of the appellant here is that § 9 of the Act of 1905 does apply to the proceeding here taken under the Act of 1920, and that the Court of Appeals in holding otherwise denied a right which the appellant here is entitled to have vindicated. It asks this Court to reverse the dismissal by the District Court of Appeals and in effect enforce the jurisdiction of

that court to entertain its appeal from the Commissioner of Patents.

The first difficulty the appellant has to meet is the question whether this Court has jurisdiction to consider such an appeal. The argument the appellant makes is that this appeal was allowed July 1, 1924, to the judgment of dismissal by the Court of Appeals of April 7, 1924; that the Act of February 13, 1925, 43 Stat. 936, 941, amending § 250 of the Judicial Code left the old section applicable to such pending appeal; that, by the old § 250, any final judgment or decree of the Court of Appeals might be reëxamined in this Court upon error or appeal in cases in which the construction of any law of the United States is drawn in question by the defendant; that this appeal draws in question the construction of the Trade-Mark Act of 1920 given by the Court of Appeals, by which that court dismissed the appeal taken to it from the Commissioner of Patents; and that the dismissal from which this appeal was allowed was a final judgment under the cases of *Shaffer* v. *Carter,* 252 U. S. 37, 44 and *Baldwin Co.* v. *Robertson,* 265 U. S. 168. The case of *Baldwin* v. *Howard,* 256 U. S. 35, in which certiorari to this Court from a similar trade-mark proceeding was denied, is explained by the appellant as resting on the sole ground that the judgment below was not a final one.

We do not think this course of argument can be sustained. Assuming for the purposes of this discussion, that the District Court of Appeals was wrong in not holding that § 9 of the Act of 1905 did apply to the Commissioner of Patents' decision under the Act of 1920, even so, an appeal can not be taken to this Court to remedy the error. The decision of the Court of Appeals under § 9 of the Act of 1905 is not a judicial judgment. It is a mere administrative decision. It is merely an instruction to the Commissioner of Patents by a court

which is made part of the machinery of the Patent Office for administrative purposes. In the exercise of such function it does not enter a judgment binding parties in a case as the term case is used in the third article of the Constitution. Section 9 of the Trade-Mark Act of 1905, applies to the appeal taken under it the same rules which under § 4914 R. S. apply to an appeal taken from the decision of the Commissioner of Patents in patent proceedings. *Butterworth* v. *Hoe,* 112 U. S. 50, 60; *Gaines* v. *Knecht,* 27 App. D. C. 530, 532; *Atkins* v. *Moore,* 212 U. S. 285, 291. Neither the opinion nor decision of the Court of Appeals under § 4914 R. S., or § 9 of the Act of 1905, precludes any person interested from having the right to contest the validity of such patent or trade-mark in any court where it may be called in question. This result prevents an appeal to this Court, which can only review judicial judgments. This Court has so decided in *Frasch* v. *Moore,* 211 U. S. 1, in an appeal as to patent proceedings, and in *Atkins* v. *Moore,* 212 U. S. 285, as to appeals in trade-mark proceedings. This was the *ratio decidendi* of *Baldwin* v. *Howard,* 256 U. S. 35, already referred to, where both appeal and certiorari were denied in a similar trade-mark proceeding.

It was said in these cases that the appeal was denied because the action of the Court of Appeals was not a final judgment. This reason was a true one, but it should not be understood to imply that, in such a proceeding, circumstances might give it a form that would make it a final judgment subject to review by this Court. That is the error that the appellant here has made in pressing its appeal. Appellant relies on *Shaffer* v. *Carter,* 252 U. S. 37, 44, holding that a judgment of dismissal for lack of jurisdiction is a final judgment for purposes of appeal. But the citation has no application in such a case as this. For here the action of the Court of Appeals in its dismissal was dealing with something which, even

if it should have been received, was not in the proper
sense a judgment at all. Whatever the form of the action
taken in respect of such an appeal, it is not cognizable in
this Court upon review, because the proceeding is a mere
administrative one.

The distinction between the jurisdiction of this Court,
which is confined to the hearing and decision of cases in
the constitutional sense, and that of administrative action
and decision, power for which may be conferred upon
courts of the District, is shown in the case of *Keller* v.
*Potomac Electric Company,* 261 U. S. 428, 440, 442, 443.
There it is pointed out that, while Congress in its con-
stitutional exercise of exclusive legislation over the Dis-
trict may clothe the courts of the District not only with
the jurisdiction and powers of the federal courts in the
several States but also with such authority as a State
might confer on her courts, *Prentis* v. *Atlantic Coast Line
Company,* 211 U. S. 210, 225, 226, and so may vest courts
of the District with administrative or legislative functions
which are not properly judicial, it may not do so with
this Court or any federal court established under Article
III of the Constitution. Of the jurisdiction of this Court,
we said, at p. 444:

"Such legislative or administrative jurisdiction, it is
well settled, can not be conferred on this Court either
directly or by appeal. The latest and fullest authority
upon this point is to be found in the opinion of Mr.
Justice Day, speaking for the Court in *Muskrat* v. *United
States,* 219 U. S. 346. The principle there recognized and
enforced on reason and authority is that the jurisdiction
of this court and of the inferior courts of the United
States, ordained and established by Congress under and
by virtue of the third article of the Constitution, is limited
to cases and controversies in such form that the judicial
power is capable of acting on them; and does not extend
to an issue of constitutional law framed by Congress for

the purpose of invoking the advice of this court without real parties or a real case, or to administrative or legislative issues or controversies." See also *Liberty Warehouse Co.* v. *Grannis,* decided this day, 273 U. S. 70.

With this limitation upon our powers, it is not difficult to reach a conclusion in the present case. We should have had no power to review the action of the District Court of Appeals if it had heard the appeal and taken administrative jurisdiction, and by the same token have now no power to review its action in refusing such jurisdiction.

But it is said that this leaves the appellant without any remedy to review the decision of the District Court of Appeals and makes its conclusion final in respect of the construction of the Trade-Mark Act of 1920. Even if this be so, as to which we express no opinion, it can not furnish a reason for exceeding the constitutional powers of this Court.

*The appeal is dismissed.*