**LUCE & CO., Limited, v. REGISTRAR OF PROPERTY OF GUAYAMA.**

Circuit Court of Appeals, First Circuit.
June 16, 1927.

No. 2006.

Courts ⬅405(12)—Circuit Court of Appeals has no jurisdiction of appeal from decision affirming registrar of property of Guayama's action denying record of deed (Const. U. S. art. 3, §§ 1, 2; Organic Act Porto Rico, § 43; Civ. Code Porto Rico, § 1362, subsec. 2; Compilation of Rev. St. and Codes of Porto Rico, § 6750).

Circuit Court of Appeals *held* not to have jurisdiction, under Const. U. S. art. 3, §§ 1, 2, and Organic Act Porto Rico, § 43, of appeal from decision of Porto Rican Supreme Court, affirming action of registrar of property of .Guayama, denying admission to record of a certain deed as void under Civ. Code Porto Rico, § 1362, subsec. 2, since, in view of Compilation of Rev. St. and Codes of Porto Rico, § 6750, rights of parties under deed are in no wise determined by action of registrar in recording or denying record thereto, in that an action may be brought in a court of justice to establish validity of instrument or obligation.

Appeal from the Supreme Court of Porto Rico.

Application by Luce & Co., Limited, to the Supreme Court of Porto Rico, asking for the disaffirmance of the action of the Registrar of Property of Guayama, denying admission to record of a certain deed. From a decree affirming such decision, petitioner appeals. Appeal dismissed.

Joseph H. Beale, of Cambridge, Mass. (Jose Tous Soto, of Ponce, Porto Rico, and Arthur H. Weed, Sydney Fairbanks, and Herrick, Smith, Donald & Farley, all of Boston, Mass., on the brief), for appellant.

William C. Rigby, of Washington, D. C. (George C. Butte, Atty. Gen., of Porto Rico, and Russell H. Brennan, of Washington, D. C., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a decree of the Supreme Court of Porto Rico affirming the decision of the registrar of property of Guayama, denying admission to record of a deed in which Charles L. Carpenter, as attorney in fact of the owners of certain joint interests in a plantation in Porto Rico, is the grantor, and the appellant, a partnership in which the said Charles L. Carpenter is a member and managing partner, is the grantee. This action was taken by the registrar because of a decision that the deed was void, because of subsection 2

of section 1362 of the Civil Code of Porto Rico, which is as follows:

Section 1362, Civil Code: "The following persons cannot acquire by purchase, even at public or judicial auction, neither in person nor by an agent:   *   *   *

"2. Agents, the property the administration or sale of which may have been entrusted to them."

By act of the Legislative Assembly of Porto Rico approved March 1, 1902 (Laws 1902, p. 289 [Revised Statutes of Porto Rico, § 2180]), it is provided in section 1 as follows:

"That when any registrar of property refuses absolutely or provisionally to record or to give its full legal effect to any document which may be presented to him for recording or for the annotation of the contents thereof, whether it be a deed, a decree, a mortgage, a satisfaction of a mortgage or any other document which he is required by law either to record or to enter, he shall set out clearly and concisely at the foot of the document his reasons for the refusal and shall serve notice of his action upon the interested party accompanied by a copy of his written reasons for the refusal."

This act further provides that the party interested may apply to the Supreme Court of Porto Rico to affirm or reverse the action of the registrar. In case the decision of the registrar is affirmed the Supreme Court may in its discretion impose costs upon the party taking the appeal, or, if the decision of the registrar is reversed, upon the registrar and require him to enter the deed for record.

Section 9 of the same act is as follows:

"Issues of law or of fact as to the effect upon the title to real estate or rights therein as affected by priority or preference between or among documents of title or priority in the recording or the entry of the same shall be decided by declaratory actions in the tribunals of justice."

Section 6750 of the Compilation of the Revised Statutes and Codes of Porto Rico in force on March 9, 1911, is as follows:

"Interested parties may take an administrative appeal from the decision of the registrar classifying an instrument, the taking of such an appeal not being a bar to their right to resort to the courts of justice, if they so desire, for the purpose of discussing and contending among themselves as to the validity or nullity of the documents or the obligation. If the record should be suspended on account of curable defects in the instrument, and a cautionary notice is not requested, the persons interested may correct the defects

within the 30 days that the entry of presentation is effective. If the cautionary notice is entered the correction may be made within the time it remains in force according to article 96.

"If the record shall have been denied, and the person interested shall bring an action in a court of justice within 30 days from the date of the record of presentation seeking the establishment of the validity of the instrument or of the obligation, he may request that a cautionary notice of the action be entered, and the entry made shall be effective from the date of the record of presentation."

. Under the provisions of this act, the appellant brought before the Supreme Court of Porto Rico the action of the registrar in this case, asking for its disaffirmance. That court, in a divided opinion, has sustained the action of the registrar, and has allowed an appeal to this court. In the order allowing the appeal it is stated that there is a division of opinion between the justices of the Supreme Court, two of the justices holding that an appeal does not lie, three other justices thinking that it is a new question involving the jurisdiction of this court and therefore should be left to its decision, but stating that they have doubts as to whether or not the judgment is appealable.

The question of the right of appeal has been fully and ably argued by counsel, and in a dissenting opinion Associate Justice Wolf, of the Supreme Court of Porto Rico, has assembled the authorities bearing upon the right of appeal in such a case. If this court has jurisdiction of the appeal, it is because it is granted by sections 1 and 2 of article 3 of the Constitution of the United States, and also of section 43 of the Organic Act of Porto Rico. By section 2 of article 3 of the Constitution of the United States it is provided in part as follows:

Section 2: "The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority; * * * to controversies to which the United States shall be a party; * * * between citizens of different states; between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens, or subjects."

Section 43 of the Organic Act of Porto Rico is as follows:

"Writs of error and appeals from the final judgments and decrees of the Supreme Court of Porto Rico may be taken and prosecuted to the Circuit Court of Appeals for the First Circuit and to the Supreme Court of the United States, as now provided by law."

It is conceded that, if this appeal is not one in a case of law or equity, this court does not have jurisdiction. To constitute a case, it must be one in which legal rights are ascertained and determined, and a suit in equity is one in which relief is sought according to the rules and practices of the equity jurisdiction as established in English jurisprudence. Nothing was determined by the registrar, except the right to record of the deed presented. Rights of parties under the deed may be determined in a court of law, notwithstanding any action in regard to the record which may be taken by the registrar. The case is ruled by Postum Cereal Co. v. California Fig Nut Co., 272 U. S. 693, 47 S. Ct. 284, 71 L. Ed. ——, in which the earlier pertinent cases are cited and reviewed. The rights of the parties under this deed are in no wise determined under the Porto Rican statutes by the action of the registrar in recording or denying record to a deed. There is, therefore, no case presented to us upon appeal which involves the judicial determination of a right in rem or in personam.

The appeal is dismissed for lack of jurisdiction.