## ARCLESS CONTACT CO. v. GENERAL ELECTRIC CO.

### No. 137.

Circuit Court of Appeals, Second Circuit.

Jan. 4, 1937.

Martin & Rendell, of Utica, N. Y. (George L. Wilkinson and Langdon Moore, both of Chicago, Ill., of counsel), for appellant.

Alexander C. Neave, of New York City (Harrison F. Lyman, A. D. Salinger, and Fish, Richardson & Neave, all of Boston, Mass., of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The complainant is the owner of an undivided one-half interest in United States letters patent No. 1,598,674, granted September 7, 1926, on an application filed January 19, 1922, by one Phelan for improvements in electrical apparatus, and the defendant is the owner of the entire right, title, and interest in United States patent No. 1,991,350, granted February 12, 1935, on an application filed February 28, 1921, by one Green, also for improvements in

electrical connecters. The two patents contain identical claims, namely, claims 9, 11, 12, and 13 in the Phelan patent. The Phelan patent having been granted September 7, 1926, claims 9, 11, 12, and 13 thereof were inserted by amendment on April 7, 1928, in the then pending Green application, and thereupon interference proceedings were instituted in the Patent Office to determine the question of priority of invention of the subject matter defined by the identical claims in the Phelan patent and Green application. On February 8, 1932, the Examiner of Interference in interferences Nos. 56,624 and 57,506 decided that Green was the prior inventor. Thereafter the Board of Appeals of the Patent Office on an appeal taken by Phelan affirmed the decision of interference. A further appeal was then taken by Phelan to the Court of Customs and Patent Appeals which, on June 12, 1934, affirmed the decision of the Board of Appeals. Phelan v. Green, 71 F.(2d) 298. Pursuant to the decision of the Court of Customs and Patent Appeals, the Commissioner of Patents on February 12, 1935, granted United States patent No. 1,991,-350 to the defendant, General Electric Company, as assignee of Green, said patent containing claims identical with claims 9, 11, 12, and 13 of the Phelan patent, which had constituted the counts of the issues in the interference proceedings in the Patent Office. Inasmuch as there then existed the two interfering patents, there was a right of action under R.S. § 4918 (35 U.S.C.A. § 66), by any person interested in either of them against the other interfering patentee and of all parties interested under him.

On March 11, 1935, within thirty days after the granting of the Green patent to the defendant, the complainant filed its bill of complaint under section 4918, praying that Phelan be adjudged the first and original inventor and that United States patent No. 1,991,350 of Green issued to General Electric Company as assignee be adjudged void. The defendant filed an answer setting up as a defense an agreement entered into on August 12, 1931, between the defendant General Electric Company and General Electric Vapor Lamp Company, parties of the first part, and complainant and Minneapolis-Honeywell Regulator Company, parties of the second part, and likewise filed a counterclaim praying for the specific performance of certain provisions of that agreement and for an injunction restraining the complainant from prosecuting any suit against the defendant based upon claims 9, 11, 12, and 13 of the Phelan patent. A reply filed by the complainant admitted the making of the agreement. The defendant then moved upon the pleadings under Federal Equity Rule 29 (28 U.S.C.A. following section 723) for a final decree in its favor. Judge Bryant, who heard the motion, decided that the defendant was entitled to a dismissal of the bill of complaint and to the relief prayed for in its counterclaim, and, on May 25, 1936, a decree was entered dismissing the bill, restraining the complainant from prosecuting any suit based upon claims 9, 11, 12, and 13 and requiring it to record in the Patent Office a proper disclaimer in the Phelan patent of the four claims. From the above decree the present appeal was taken. In our opinion the decree should be affirmed.

The correctness of the decision of Judge Bryant depends upon the interpretation to be placed upon the agreement of August 12, 1931, to which the General Electric Company and the complainant were parties. Articles II and III provide for the dismissal of a certain suit for infringement of the Phelan patent No. 1,-598,874 and for the settlement of various interferences, one of which was No. 57,-506, between the Phelan and Green claims. This settlement as it related to the claims here in issue was to be carried out as hereinafter provided.

By article IV it was agreed that: "Interference No. 57,506, Phelan v. Green * * * shall be prosecuted to final hearing before the Examiner of Interferences, and * * * if either party is dissatisfied with the decision of the Examiner of Interferences an appeal may be taken to the Board of Appeals, and thence to a court of last resort, and * * * the final decision in this interference shall be controlling as between the parties hereto with respect to all the questions involved therein; it being understood, however, that in case it shall be finally held that Green is estopped to make the claims of the interference, or any of them, Green shall not thereby be prevented from prosecuting other claims of his Application Serial No. 448,520 aforesaid."

Article VI provides that:

"In the event that priority of invention shall be finally awarded to Green in

Interference No. 57,506 with respect to Claims 9, 10, 11, 12 and 13 of Phelan patent No. 1,598,874 or with respect to any one or more of these claims. * * *

"(a) * * * the General Company shall grant to each of the parties of the second part (of whom complainant, Arcless Contact Company, was one) under any United States patent which shall be issued on or as a result of the Green Application Serial No. 448,520, a license * * * to make, use and sell electric switches" (excepting of a specified type).

"(c) Each of the parties of the second part (the complainant Arcless Contact Company and its co-owner of the Phelan patent the Minneapolis-Honeywell Regulator Company) shall promptly cause to be recorded in the United States Patent Office * * * a proper disclaimer to the extent of its interest in Phelan Patent No. 1,598,874, of such part of the thing patented in such patent as shall have been finally held in Interference No. 57,506 not to be the invention of Phelan."

Article VII provides that:

"In the event that proof presented on behalf of Phelan in Interference No. 57,506 shall establish his priority of invention with respect to claims 9, 10, 11, 12 and 13 of Phelan Patent No. 1,598,874 and such interference shall be finally decided in favor of Phelan with respect to such claims. * * *

"(a) The parties of the second part shall severally grant to each of the parties of the first part under Phelan patent No. 1,598,874 a license for the life of such Letters Patent * * * to make, use and sell electric switches for all fields of work to which such switches are applicable" (excepting of a specified type).

Article VIII provides that, if the parties of the second part (complainant and the Minneapolis-Honeywell Company) shall make, use, or sell switches of the type excepted from the license under article VI(a), and if they shall be sued for infringement of any claim of the Green patent on account of such manufacture, use, or sale, they shall not by the agreement "be estopped from contesting in such suit the validity of any such claim or claims."

Article XIII provides that any license to be granted under the terms of the agreement shall "automatically vest in the licensee" and become effective in the case of Green as of the date of issuance of letters patent to him "on or as a result of his application involved in Interference No. 57,506" and in the case of Phelan "as of the date when a decision awarding priority of invention to Phelan in Interference No. 57,506 becomes final."

The question before us is what effect to give to the provision of article IV of the agreement of August 12, 1931, relating to the prosecution of interference No. 57,506, Phelan v. Green, that "if either party is dissatisfied with the decision of the Examiner of Interferences an appeal may be taken to the Board of Appeals, and thence to a court of last resort, and that the final decision in this interference shall be controlling as between the parties hereto with respect to all questions involved therein." The important matter is whether the Court of Customs and Patent Appeals was, within the meaning of article IV, "a court of last resort," and its decree was "a final decision" in interference No. 57,506 made "controlling as between the parties." It certainly was as to the issue of the patent to Green. The final decision contemplated as the one "controlling" was in "Interference No. 57,506." The very words used are "the final decision in this interference shall be controlling," and the granting of licenses to the defeated party is contingent upon a final award of priority of invention "in Interference No. 57,506" (articles VI and VII). If Green had been defeated by the Board of Appeals of the Patent Office, an appeal might have been taken in the interference proceeding from the Board of Appeals either to the Court of Customs and Patent Appeals or by bill in equity under R.S. § 4915, as amended (35 U.S.C.A. § 63), to the District Court. Bakelite Corporation v. National Aniline & Chemical Co., 83 F.(2d) 176 (C.C.A.2). A suit under section 4915 lies only on behalf of a defeated applicant. As Green prevailed, there was no election to proceed under section 4915, and the decision of the Court of Customs and Patent Appeals was final in the interference proceeding. In re Robertshaw (Cust. & Pat.App.) 75 F.(2d) 203. It controlled office action.

The complainant-appellant argues that, in spite of the success of Green before the Court of Customs and Patent Appeals, it may bring the present suit under R.S. § 4918 (35 U.S.C.A. § 66), and that the court finally disposing of this suit will be the "court of last resort." It is true that

by R.S. § 4914 (35 U.S.C.A. § 62), it is provided that no opinion or decision of the Court of Customs and Patent Appeals in such a proceeding as interference No. 57,-506 awarding priority to Green "shall preclude any person interested from the right to contest the validity" of a patent "in any court wherein the same may be called in question." Therefore a suit under section 4918 to declare the interfering patent of Green void ordinarily would be permissible. The difficulty with treating it as available here is: (1) That the suit is not a step in the interference proceeding No. 57,506, but an independent action to declare the patent to Green void; and (2) that such a suit defeats the purpose of the parties to settle their patent disputes by agreement so that litigation should cease when priority became established in the interference proceeding and the patent had issued.

The language of article IV making the final decision in the interference proceeding "controlling" was senseless if a completely new suit might be started under section 4918 attacking the patent after it has issued and might be carried through all the appellate courts. We think it clear that the agreement was made to settle the controversies by disposing of the interference proceeding so that the final action of the Patent Office would be definitive and the parties would not be subjected to suits in the District Court and possible appeals to the Circuit Court of Appeals and even to the Supreme Court.

 Complainant also argues that, even if article IV bears the interpretation we have suggested and the decision of the Court of Customs and Patent Appeals was final in some respects, it did not bar a suit under section 4918 because its decision was by the very terms of article IV to be "controlling" only as to "questions involved therein."

In support of the foregoing argument it is suggested that laches and estoppel might be found in the present suit to operate as a bar to defendant's right to the Green patent. But the bill of complaint in this suit brought under section 4918 suggests no such grounds for avoiding the Green patent, but, on the contrary, it prays that Phelan's identical claims directed to the same subject as that covered by Green's claims should be held "good and valid." This suit plainly involves an attempt to relitigate the very questions of

priority of invention that were before the Court of Customs and Patent Appeals. This the agreement of the parties precluded. That agreement required the complainant to file a disclaimer of the claims relied on in the event that priority of invention should be "finally awarded to Green in Interference No. 57,506." Had it disclaimed as it was bound to do, this suit would have been without basis. Judge Bryant treated the obligation of the complainant to file a disclaimer as an equitable bar and ordered the complaint dismissed and the disclaimer filed as agreed. We feel no doubt that he reached a correct conclusion.

Decree affirmed.