FRANKFORT DISTILLERIES, Inc., v. LABROT & GRAHAM, Inc., et al.

No. 1208.

District Court, E. D. Kentucky.

July 25, 1940.

Carroll & McElwain, of Louisville, Ky., and Raymond J. Mawhinney and Bernard F. Garvey, both of Washington, D. C., for plaintiff.

Leslie W. Morris and Marion Rider, both of Frankfort, Ky., and Browne & Phelps, of Washington, D. C., for defendants.

FORD, District Judge.

After careful consideration of the evidence in this record and the briefs filed by the parties, I have reached the following conclusions:

■ The plaintiff's trade-mark "Old Baker", the predominant feature of which is the word "Baker", an ordinary surname, is not the subject of exclusive appropriation as a common law trade-mark, but was made registrable and entitled to statutory protection as a "trade-mark" by the fifth proviso of section 5 of the Federal Trade-mark Act of February 20, 1905, as amended, 15 U.S.C.A. § 85.

■■ The plaintiff's certificate of registration of "Old Baker" as its trade-mark issued by the Patent Office on January 2, 1934, under the fifth proviso of section 5 of the Federal Trade-mark Act of 1905, as amended, creates a presumption in favor of its validity. This presumption, however, is a rebuttable one and may be overcome by evidence to the contrary. The action of the Patent Office in granting registration is merely an administrative act and does not preclude any interested person from exercising the right to challenge the validity thereof in any court wherein it may be called in question.

■ Under the pleadings in this case, the defendants appropriately challenged the validity of the registration of "Old Baker" by the plaintiff under the Act. The evidence upon that issue is convincing that neither the word "Baker" nor the words "Old Baker" were in exclusive use as a trade-mark of the plaintiff or its predecessors from whom it derived title for ten years next preceding February 20, 1905, the date of the passage of the Act. Such

exclusive use for the described period being essential to the validity of registration under the Act of the name of an individual for use as a trade-mark in the manner the name was employed by plaintiff, it follows that the plaintiff's registration thereof is and was invalid.

■ The registration being invalid, in the use of "Old Baker" as its trade-mark, the plaintiff is entitled only to the protection afforded by the common law against unfair competition and not that afforded by the Statute.

■ By reason of the defendant, R. A. Baker, having been an officer and stockholder of plaintiff's predecessor, The Frankfort Distillery, Inc., the defendants are not estopped to challenge the plaintiff's right to the exclusive use of the word "Baker" or the words "Old Baker" as a trade-mark for whiskey or to attack the validity of the plaintiff's registration of the name as its trade-mark.

■ The evidence falls far short of establishing that the word "Baker" or the words "Old Baker" were so widely or extensively used or advertised in connection with the distribution or sale of the whiskey produced and distributed by the plaintiff or its predecessors as that they or either of them acquired a secondary meaning denoting or identifying only the product of the plaintiff or its predecessors.

The evidence shows, however, that prior to the defendants' adoption and use of the name "R. A. Baker" upon the label placed upon their whiskey, the plaintiff and its predecessors, with full knowledge of defendants, did use and were using upon some of the whiskey which they produced the words "Old Baker" as a trademark; but the only limitation thereby imposed upon the defendant R. A. Baker in the use of his own name in his business of producing and selling whiskey or in the business of his corporation, Labrot & Graham, was that his name should not be used or employed in a manner tending to mislead or deceive the ordinary purchasing public into mistaking the product of the defendants for that of the plaintiff and that in the use of the label containing the name "R. A. Baker" it be clearly made to appear that the goods bearing such name were the product of the defendants.

The evidence in the case fails to show any intention or design on the part of the defendants or either of them to make use of the name "R. A. Baker" for the purpose of profiting by plaintiff's reputation or to palm off defendants' goods upon the public as the product of the plaintiff. The defendants' label, upon which it used the name "R. A. Baker", in design and appearance was quite different from the plaintiff's label, and it clearly and plainly disclosed on its face that the product bearing the name "R. A. Baker" was "Distilled and bottled by Labrot & Graham, Incorporated, Distillery established 1838, Frankfort, Kentucky." By thus clearly showing the source of their product, the defendants fully observed their duty under the law to the plaintiff as a mere prior user of the name "Baker". Evidence is lacking to show any confusion or misunderstanding on the part of the purchasing public as to the origin or source of the goods bearing the defendants' label "R. A. Baker" and there is no showing that at any time the defendants' whiskey, so labeled, was mistaken for that of the plaintiff. The fact that the plaintiff's label "Old Baker" had not acquired a secondary meaning in the trade, made it unnecessary for the defendants to negative the fact that their product was the product of the plaintiff or to do anything more than to plainly show that it was the product of the defendants.

The evidence fails to disclose any use of the name "R. A. Baker" by the defendants in a manner calculated to deceive, mislead or confuse the purchasing public.

The claim of the plaintiff that the defendants have been guilty of unfair competition is without adequate support in the evidence. The relief sought by the plaintiff should be denied.

These conclusions are supported by the following authorities: Thaddeus Davids Co. v. Davids Mfg. Co., 233 U.S. 461, 34 S.Ct. 648, 58 L.Ed. 1046, Ann.Cas.1915B, 322; Pulitzer Pub. Co. v. Houston Printing Co., 5 Cir., 11 F.2d 834; Knabe Bros. Co. v. American Piano Co., 6 Cir., 229 F. 23; Postum Cereal Co. v. California Fig Nut Co., 272 U.S. 693, 47 S.Ct. 284, 71 L.Ed. 478; Donnell v. Herring-Hall-Marvin Safe Co., 208 U.S. 267, 28 S.Ct. 288, 52 L.Ed. 481; Elgin National Watch Co. v. Illinois Watch Case Co., 179 U.S. 665, 21 S.Ct. 270, 45 L.Ed. 365; Brown Chemical Co. v. Meyer, 139 U.S. 540, 11 S.Ct. 625, 35 L.Ed. 247; Singer Mfg. Co. v. June Mfg. Co., 163 U.S. 169, 16 S.Ct. 1002, 41 L.Ed. 118; Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U.S. 118, 119, 25

S.Ct. 609, 49 L.Ed. 972; L. E. Waterman Co. v. Modern Pen Co., 235 U.S. 88, 35 S.Ct. 91, 59 L.Ed. 142.

The plaintiff's motion for leave to file an amended bill of complaint challenging the right of the defendants to use the letters "R. A. B." as a trade-mark for their product is denied.

Let formal findings of fact, conclusions of law and judgment in conformity herewith be submitted for entry.