**AMERICAN CUTTING ALLOYS, Inc., v.**
**GENERAL ELECTRIC CO. et al.**

No. 202.

Circuit Court of Appeals, Second Circuit.
May 3, 1943.

Owen & Owen, of Toledo, Ohio, and
Hart, Senior & Nichols, of Utica, N. Y.
(Wilber Owen and Carl F. Schaffer, both
of Toledo, Ohio, of counsel), for appellant.

Watson, Bristol, Johnson & Leavenworth, of New York City (Lawrence Bristol and Charles P. Bauer, of New York City, of counsel), for appellees.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

On May 2, 1940 the plaintiff filed suit under § 4915 of the Revised Statutes as amended, 35 U.S.C.A. § 63, to obtain a decree authorizing the commissioner of patents to issue a patent on the Schwarzkopf application No. 727,781, filed May 26, 1934, and later assigned to the plaintiff. The Board of Appeals of the Patent Office had decided adversely to the plaintiff an interference declared between the Schwarzkopf application and two claims of patent No. 2,015,536, issued September 24, 1935 to General Electric Company, and hereafter referred to as the Schroter patent. Instead of appealing to the Court of Customs and Patent Appeals, the plaintiff elected to bring the present suit against General Electric Company, as owner of the Schroter patent, and Carboloy Company, Inc., as exclusive licensee thereof under a license granted on June 1, 1936. By amended answer the defendants pleaded that the plaintiff was estopped to maintain its suit by virtue of an agreement with the Carboloy Company made December 2, 1938 and still in force at the time of suit. This was a cross licensing agreement which superseded a similar agreement made in 1933. By the terms of the superseding agreement Carboloy granted to the plaintiff a non-exclusive license under patents listed in Schedule A thereof "and under any Letters Patent of the United States to issue on or as a result of the applications set forth in" said schedule, and the plaintiff in similar language granted to Carboloy a non-exclusive license under the patents and applications for patents listed in Schedule B. One of the patents specified in Schedule A was the Schroter patent; and one of the applications specified in Schedule B was the Schwarzkopf application. The latter was followed by the notation "In Interference," from which it seems obvious that the parties contemplated the possibility of an award in the pending interference adverse to either the Schroter patent or the Schwarzkopf application. Article XIII of the agreement was the "Admission of Validity" provision, upon which the defend-

ants relied in pleading an estoppel against maintenance of the present suit. A separate trial was ordered on the estoppel issue alone, resulting in the judgment of dismissal which is before us on appeal.

There are two questions. The first involves an interpretation of Article XIII of the agreement to determine whether it creates the estoppel asserted by the defendants and found by the district judge. The second is whether the clause, if so interpreted, is valid in view of a price-maintaining provision also contained in the agreement and included in the record before us. The second question was not presented for consideration below as it is based upon a decision subsequently rendered in Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. ——.

The "Admission of Validity" provision, so far as material, reads as follows:

"The parties hereto admit for the purposes of and during the life of this agreement the validity of the Letters Patent under which they are or shall be licensed hereunder and agree that they will not during the life of this agreement directly or indirectly attack or question the same but nothing herein contained shall operate to prevent the parties hereto from showing that a claim or claims of such Letters Patent have been held to be invalid or not infringed or awarded to another in an interference or a suit for infringement of such Letters Patent. If in any interference * * * of any Letters Patent under which a license is granted or agreed to be granted hereunder, any claim or claims of such Letters Patent * * * are awarded to another by a court of last resort or by a lower court or tribunal of competent jurisdiction from whose judgment or decree no appeal is taken or certiorari granted within the period allowed therefor, then * * * with respect to any claims * * * awarded to another, the parties hereto shall thereafter be relieved from the payment of royalties under the claim or claims so * * * awarded to another * * *"

We think it clear that this language permits an interference declared by the patent office to be carried on notwithstanding that one of the parties is a licensee under a patent involved in the interference. The parties themselves evidently so construed it, for the Schwarzkopf interference was prosecuted through the patent office tri-

bunals without the issue of estoppel being raised by Carboloy. Nor does Carboloy dispute that an appeal from the decision of the Board of Appeals of the Patent Office to the Court of Customs and Patent Appeals, under R.S. § 4911, 35 U.S.C.A. § 59a, would have been permissible. It contends only that in choosing the alternative, a suit under R.S. § 4915, 35 U.S.C.A. § 63, the plaintiff is making an attack upon the validity of the Schroter patent which its covenant forbids. In our opinion this contention is unsound. The second sentence of Article XIII, above quoted, expressly contemplates that patents under which one of the parties has been licensed may be "awarded to another" in interference proceedings, and provides for relief from royalty obligations in that event. The language "by a court of last resort or by a lower court or tribunal, etc.," could not reasonably be construed to include appeals to the Court of Customs and Patent Appeals and yet to exclude equity suits under R.S. § 4915. Either remedy is available at the election of an applicant to whom a patent has been refused by the patent office tribunals. Bakelite Corporation v. National Aniline Co., 2 Cir., 83 F.2d 176, 177; Hemphill Co. v. Coe, 74 App.D.C. 123, 121 F.2d 897, 898; Arcless Contact Co. v. General Electric Co., 2 Cir., 87 F.2d 340, 342. It is true the remedy by suit is not identical with the remedy by appeal. The statutory period within which they may be sought differs. The suit is a plenary action triable upon all the merits. Gandy v. Marble, 122 U.S. 432, 439, 7 S.Ct. 1290, 30 L.Ed. 1223. New evidence not received by the patent office may be received if the applicant chooses the suit. General Electric Co. v. Steinberger, D.C., 208 F. 699, 701, affirmed 2 Cir., 214 F. 781; Coursen v. O'Connor, 7 Cir., 227 F. 890, 893. And though appeal from the suit lies upward through the federal judiciary, 28 U.S.C.A. § 225, appeal from a patent office tribunal cannot be carried beyond the Court of Customs and Patent Appeals. Stringham, Patent Interference Equity Suits, sec. 7999; 1 Moore's Federal Practice 31, n. 5; Postum Cereal Co. v. California Fig Nut Co., 272 U.S. 693, 47 S.Ct. 284, 71 L.Ed. 478; Pacific Northwest Canning Co. v. Skookum Packers Ass'n, 283 U.S. 858, 51 S.Ct. 655, 75 L. Ed. 1464. Defendants argue that the plaintiff's election to sue constitutes at least an "indirect attack" upon the validity of the Schroter patent. But technically the suit prays for the establishment of plaintiff's right to have a patent issue on the Schwarzkopf application, regardless of the incidental effects of such issuance. See Becher v. Contoure Laboratories, 279 U.S. 388, 391, 49 S.Ct. 356, 73 L.Ed. 752. Even if in some sense it might be viewed as an "attack" upon the validity of the Schroter patent, it cannot be deemed such an attack as was forbidden by the 1938 agreement since the parties evidently intended that the pending interference might be carried through to conclusion, and provided in Article XIII that a claim in interference "might be awarded to another * * * by a lower court," whose judgment if not appealed from would relieve the licensee from paying royalties thereafter.

█ Moreover, there is another consideration which makes reversal of the decision below imperative. If we should assume that the present suit does fall within plaintiff's covenant not to attack the validity of the patent, we would still be faced with the problem of the legality of such covenant. The appellant contends that it is illegal in the light of the subsequent decision of Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S.Ct. 172, 87 L. Ed. ——. This issue was not presented below but that does not prevent its consideration on appeal since the facts which raise it are in the record. Although illegality is an affirmative defense, a plaintiff is not required to file a reply asserting illegality of an agreement pleaded in defense to the complaint. Federal Rules of Civil Procedure, Rule 7, Rule 8(d), 28 U.S.C.A. following § 723c; First Presbyterian Church v. Rabbitt, 9 Cir., 118 F.2d 732, 736. The assertion of illegality is based on Article III of the agreement whereby the plaintiff agreed "to maintain such prices, terms and conditions of sale" of all hard metal composition sold under its license as Carboloy should establish from time to time for sales to its own customers. In the Sola case the Chief Justice pointed out, 317 U.S. at 175, 63 S.Ct. at 173, 87 L.Ed. ——, that an agreement fixing the competitive sales prices of articles moving in interstate commerce is a violation of the Sherman Act, 15 U.S.C.A. § 1 et seq., unless within the protection of a patent monopoly. Consequently it was held in a suit to recover royalties and enjoin a licensee from further sales except in conformity with the license agreement, which contained a price-fixing provision.

similar to article III of the agreement before us, that the licensee was not estopped to set up the invalidity of the licensor's patent and might offer evidence to establish its invalidity. There the claimed estoppel was based on the licensee's implied obligation not to contest validity; here it is based on an express covenant. But if this difference has any significance, it should militate against rather than in favor of estoppel. We believe that the price maintenance provisions of the agreement render the Sola decision applicable, and vitiate the "Admission of Validity" clause, if that be construed to forbid the plaintiff to institute the present suit. See note on the Sola case in 56 Harv.L.Rev. 814, 817. Judgment reversed.