## D. & C. CO., Inc., v. EVERETT FRUIT PRODUCTS CO.

Court of Appeals of District of Columbia.
Submitted May 10, 1927. Decided
May 26, 1927.

### No. 1951.

**Trade-marks and trade-names and unfair competition** ☞43—**Dessert powder and canned fruits held not goods of same descriptive properties as affecting right to registration of trade-marks; "property" (Trade-Mark Act, § 5[b], being Comp. St. § 9490).**

A prepared dessert powder for use with milk, to make puddings, fillings, etc., and canned fruits, *held* not goods of same descriptive properties, as affecting right to registration of trade-marks, under Trade-Mark Act, § 5 (b), being Comp. St. § 9490; "property" meaning a peculiarity, nature, or quality, a character always present in an individual or class, an essential attribute, a peculiar quality, or distinguishing quality, characteristic, or mode of any substance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

Appeal from Commissioner of Patents.

Application by the Everett Fruit Products Company for registration of trade-mark, opposed by the D. & C. Company, Inc. From a decision of the Commissioner of Patents, dismissing the opposition, the opposer appeals. Affirmed.

E. W. Leavenworth, of New York City, for appellant.

A. E. Wallace, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is a trademark opposition proceeding, in which the opposition was overruled, and registration granted the applicant, appellee here.

Appellant, a New York corporation, adopted "My-T-Fine" as a trade-mark in 1915 for prepared dessert powder, or, as described on the sample package, "a powder for use with milk to make puddings, fillings, etc." Appellee, a corporation located in the state of Washington, adopted the same mark in 1916, and since has used it in the quite extensive sale of canned fruits.

The Examiner of Interferences ruled that canned fruits and dessert powder are goods of the same descriptive properties, and sustained the opposition. The Commissioner, in a carefully prepared opinion, found that the goods were not of the same descriptive properties, and dismissed the opposition.

Section 5 (b) of the Trade-Mark Act (33 Stat. 724 [Comp. St. § 9490]) provides that:

"Trade-marks which are identical with a registered or known trade-mark owned and in use by another, and appropriated to *merchandise of the same descriptive properties,* or which so nearly resemble a registered or known trade-mark owned and in use by another, and appropriated to *merchandise of the same descriptive properties,* as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, shall not be registered."

"Property," according to Century Dictionary, is "a peculiarity, peculiar nature or quality, any character always present in an individual or a class; any essential attribute; a peculiar quality." The New Standard Dictionary defines "property" as "a distinguishing quality, characteristic, or mode of any substance; a peculiarity; also, a permanent or necessary quality."

We must assume that Congress used the term "descriptive properties" in this registration statute in the natural and ordinary sense. We said in Phœnix P. & V. Co. v. John T. Lewis & Bros., 32 App. D. C. 285, that "two trade-marks may be said to be appropriated to merchandise of the same descriptive properties, in the sense meant by the statute, when the general and essential characteristics of the goods are the same." A similar ruling was made in G. & J. Tire Co. v. J. G. Motor Car Co., 39 App. D. C. 508. See, also, Beich Co. v. Kellogg Toasted Corn Flakes Co., 49 App. D. C. 186, 262 F. 640, and National Cash Register Co. v. National Paper Products Co., 54 App. D. C. 278, 297 F. 351.

Having in mind the foregoing, we do not see how it reasonably can be said that dessert powder and canned fruits are goods of the same descriptive properties. As we have observed in other cases, there is a sharp distinction between a statutory registration proceeding and a suit for unfair competition.

The decision is affirmed.

Affirmed.