**B. F. GOODRICH CO. v. KENILWORTH MFG. CO., Inc.**

Patent Appeal No. 2209.

Court of Customs and Patent Appeals.
April 29, 1930.

Rehearing Denied May 28, 1930.

BLAND, Associate Judge, dissenting.

See, also, 40 F.(2d) 124, 125.

Eakin & Avery, of Akron, Ohio (Willard D. Eakin, of Akron, Ohio, of counsel), for appellant.

Louis Alexander, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing the notice of opposition on the part of appellant to granting appellee registration as a trade-mark of the compound word "Zip-Knick."

Appellant (opposer) alleges ownership of the mark "Zipper," as disclosed in Registration No. 197,090, of April 7, 1925, used and to be used upon "boots and overshoes of rubber and fabric."

Appellee (applicant) claims the word "Zip-Knick" and seeks registration thereof for use on "wearing apparel for men, women and children, namely Knickers, Gymnasium Trunks, Bathing Trunks, and Hiking Trunks." Use is claimed from November 17, 1925.

Both classes of merchandise utilize a fastener of a well known sliding type. This fastener was originally a patented article, but the patent expired many years ago and it is now open to public manufacture and use. In neither instance does the mark apply to the

fastener, but in both applies to the respective goods in their entirety.

The Trade-Mark Act of February 20, 1905 (15 USCA § 81 et seq.), was designed to be an aid in interstate and foreign commerce by providing a place at which marks or symbols used by a manufacturer or seller of goods, to distinguish them from goods manufactured or sold by another, might be registered. The United States Patent Office was designated as the place of registration and the Commissioner of Patents was charged with the administration of the statute, in accordance with its provisions and terms.

The common law during a long period of time has recognized certain rights in such trade-marks or trade symbols, and litigation over these rights has developed a large body of law as part of the legal systems of our governments.

The Federal Trade-Mark Act was not intended to interfere with or change the principles of the common law relative to trade-marks, but was designed in part at least to supplement these by providing a place and facilities where the owner of one might register it, and thus secure whatever of advantage in interstate and foreign commerce might be derived under the statute, but the advantages or rights so acquired naturally remained subject to the common-law principles as they have been, and may be, applied in the courts, state and federal, having jurisdiction of litigation relating to the subject-matter.

The function of the Commissioner of Patents in administering the Trade-Mark Act is administrative in character. It is derived wholly from the statute, and he is governed by its terms. The jurisdiction of this court in the cases appealed from the Commissioner is likewise purely statutory and we are limited in the same way that the Commissioner is limited. Vide Postum Cereal Co. v. Calif. Fig Nut Co., 272 U. S. 693, 698, 699, 47 S. Ct. 284, 71 L. Ed. 478.

The duty of the Commissioner and of this court on appeals from the Commissioner, in all cases, is simply to determine whether an application meets the statutory requirement so as to be entitled to registration. Registration being granted or refused leaves the parties in interest, with their rights and equities, under the common law, legally unaffected, except as they may be enforced under sections 16 and 17, 15 USCA §§ 96 and 97.

The jurisdiction now vested in the United States Court of Customs and Patent Appeals by the Act of March 2, 1929, which by its terms became effective April 1, 1929, was, until the latter date, vested in the Court of Appeals of the District of Columbia. So the latter court for many years had two distinct jurisdictions, viz., appeals from the Patent Office on questions of registration and appeals from the Supreme Court of the District of Columbia on matters of litigation between individuals as provided for in the statute.

The latter, that court still has; to this court the former has been transferred.

In the construction and application of the registration statute, the Commissioner of Patents and this court naturally find in the decisions of those courts having jurisdiction of litigation arising under the common law, reasoning and principles applicable in determining the right of registration, but the well-defined differences of jurisdiction must be recognized and the exact authority vested in this court should be borne in mind. It is entirely statutory and has only to do with the right of registration.

In D. & C. Co. v. Everett Fruit Products Co., 57 App. D. C. 263, 20 F.(2d) 279, the Court of Appeals of the District of Columbia, through Justice Robb, said: "As we have observed in other cases, there is a sharp distinction between a statutory registration proceeding and a suit for unfair competition."

The statute appears to be drawn so as to invite and encourage registration. Sections 1, 2, 3, and 4, 15 USCA, sections 81, 82, 83, and 84, contain the authority and provide the methods for its exercise; section 5, 15 USCA § 85, then declares that, with certain exceptions specifically set forth: "No mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark. * * *"

Among these exceptions is the one in the second proviso of section 85: "* * * Trade-marks which are identical with a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered."

If, therefore, it appears that the mark for which registration is sought so nearly re-

sembles one already registered, or known, owned by another, which latter is being applied to merchandise of the same descriptive properties, as that confusion or mistake in the mind of the public would really result, or purchasers would likely be deceived, then registration must be refused; otherwise, it is the imperative duty of the Commissioner to grant registration (unless as of course other features of objection proscribing it under the statute are present). Vide Beckwith v. Com'r of Patents, 252 U. S. 538, 546, 40 S. Ct. 414, 64 L. Ed. 705.

In the case at bar the opposing words are not identical and the only resemblance between them lies in the fact that both contain a syllable made up of the three letters "Z," "I," and "P"—"Zip."

It seems to us that there is a distinct difference between the contending marks. Their meaning and appearance are not the same nor do they resemble each other in sound when pronounced. As pointed out in the case of Goodrich Company v. Hockmeyer (Ct. Cust. & Pat. App.) 40 F.(2d) 99, recently decided, "it appears that the word 'Zip' and other words comprising the word 'Zip' have been registered for various articles."

In view of the manifest distinction between the marks, it is our conclusion that whether the goods be of the same descriptive properties or not, the use which appellee proposes to make of its word "Zip-Knick," as set forth in its application, is not likely to cause confusion in the mind of the public or deceive purchasers, and that therefore its registration should be allowed.

Accordingly, the decision of the Commissioner is affirmed.

Affirmed.

BLAND, Associate Judge (dissenting).

I regret that I cannot concur in the views of my associates, and will briefly state the grounds of my dissent.

The appellant, opposer, is the owner of the trade-mark "Zipper" used upon boots and overshoes of rubber and fabric. Appellee seeks to register the term "Zip-Knick" to be used on wearing apparel for men, women, and children, namely, knickers, gymnasium trunks, bathing trunks, and hiking trunks. It is claimed that appellee has used this trademark on goods of this character since November 17, 1925. The use of appellant began in 1923, and, through large sales and extensive advertising, the word "Zipper" is usually associated by the trade with any article which makes use of the hookless fastener.

In B. F. Goodrich Co. v. Clive E. Hockmeyer (Zip-On Mfg. Co., substituted) 40 F. (2d) 99, decided April 14, 1930, by this court, and in California Packing Corp. v. Tillman & Bendel, Inc. (the Del Monte Case), 40 F.(2d) 108, decided on the same date, this court held in substance that where goods were of the same class, they were of the same descriptive properties and that goods were of the same class and the registration of similar trade-marks was not warranted if the similarity of the goods and the similarity of the trade-marks was likely to cause confusion or mistake in the mind of the public, or to deceive purchasers.

For trade-mark purposes, under the Trade-Mark Act of 1905, I think the goods of appellant are in the same class as the goods of appellee, in so far as they are both susceptible of the appropriate use of the hookless fastener. The *zipper* characteristic of the articles is the chief and predominant characteristic which permits confusion in the trade. To the trade and to the public, "knick" means knicker and "zip" carries the implication that it has the zipper construction, and, in my judgment, the public will understand, or is likely to understand, that the knickers and the overshoes have the same origin. This, according to the settled view of this court, is one of the kinds of "confusion" Congress had in mind when it gave legislative expression to the common-law understanding.

This and other courts have frequently held that there is no poverty in the human language justifying the adoption of a term for trade-mark purposes so similar to that of the trade-mark owned and used by another as to be likely to lead to confusion. That appellee seeks to profit by appellant's use of the term "Zipper" is too obvious for serious contention. The rights of the public as well as those of the parties must not be overlooked.

In this particular case the right to register the term "Zip-Knick," without the use of any other words or device in connection therewith, is sought by appellee. Appellee also seeks to register the term "Zip-Knick" with the word "Kenilworth" in a parallel block written across the term "Zip-Knick." While this additional matter may lessen the probability of confusion, it certainly does not remove it.

In B. F. Goodrich Co. v. Hockmeyer, supra, we denied the right of registration to the Zip-On Manufacturing Company for the word "Zip-On" which was to be used for leggings, and men's, women's, and children's knickerbockers, because it would lead to confusion in the trade by reason of appellant's

trade-mark use of the word "Zipper." It is difficult for me to harmonize our views in that case with the views of the majority in this one. Moreover, this and other courts have always resolved the doubt against the newcomer. Aunt Jemima Mills Co. v. Blair Milling Co., 50 App. D. C. 281, 270 F. 1021; Lambert Pharmacal Co. v. Mentho-Listine Chemical Co., 47 App. D. C. 197.

I cannot justify granting the right to one to profit by confusion and deny it to another. I think the decision of the Commissioner of Patents should be reversed.